**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
COURT FILE NO.: CV - _____**

| | |
|---|---|
| MATTHEW STEPHEN HOWARD, <br><br> Plaintiff, <br> v. <br><br> ASSET ACCEPTANCE, LLC; <br> and LLOYD & MCDANIEL, PLC, <br><br> Defendants. | **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), as well as other state law tort claims.

3. Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendants transact business here.

## PARTIES

4. The Plaintiff, Matthew Stephen Howard (hereinafter "Plaintiff," "Howard" or "Matthew Stephen Howard"), is a natural person who resides in the City of Lexington, County of Fayette, Commonwealth of Kentucky, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Asset Acceptance, LLC (hereinafter "Asset Acceptance") is a collection agency operating from an address of 28405 Van Dyke Avenue, Warren, MI 48093 with a

mailing address of P.O. Box 2041, Warren, MI 48090, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. The Defendant, Lloyd & McDaniel, PLC (hereinafter "Lloyd & McDaniel") is a law firm operating from an address of 11405 Park Road, Suite 200, Louisville, KY 40223 with a mailing address of P.O. Box 23200, Louisville, KY 40223-0200, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. On September 11, 2008, Defendant Asset Acceptance initiated suit in Fayette District Court, Case No. 08-C-8445, captioned "Asset Acceptance LLC vs. Matthew St Howard" in an attempt to collect the sum of $2,257.62, plus accrued interest in the amount in the amount of $342.83, together with interest at 8% per annum from July 14, 2008 until the date of Judgment and 12% per annum on the Judgment until satisfied.

8. Asset Acceptance retained the law firm of Greene & Cooper, LLP ("Greene & Cooper") to represent it in said lawsuit. Greene & Cooper is also a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. The "form" complaint alleged that the named "Matthew St Howard" was indebted to Asset Acceptance "evidenced" by an affidavit purportedly signed by Natalie Eriksson, Supervisor of Asset Acceptance, LLC, and an Asset Acceptance statement prepared specifically for use in filing the referenced lawsuit.

10. On September 26, 2008, Matthew Stephen Howard, Plaintiff herein, filed his answer dated September 24, 2008 with the Fayette District Court stating:

   A. The summons was served on Matthew Stephen Howard; however, the complaint, affidavit and Asset Acceptance statement all named

"Matthew St Howard" as the individual supposedly indebted to Asset Acceptance.

B. No record of the alleged account or of the name/alias "Matthew St Howard" appears on the official credit report for Matthew Stephen Howard.

C. Matthew Stephen Howard denies owing any indebtedness to Asset Acceptance.

D. Matthew Stephen Howard denies owing $2,257.62, plus accrued interest in the amount of $342.83 on the account purchased by Asset Acceptance.

E. The action filed was filed beyond the applicable statute of limitations.

11. On or about September 29, 2008, a "form" Motion for Default Judgment, Military Affidavit and Certificate was signed by one of the attorneys with Greene & Cooper. The affiant certified that:

A. No defensive motions, pleadings, or other papers have been served upon affiant by Defendant, nor anyone purporting to represent Defendant, since the filing of this action.

B. Process was served on Defendant on September 12, 2008.

12. On or about October 1, 2008, the Notice of Motion was mailed to "Matthew St Howard" setting the hearing on said Motion and Order for hearing on November 5, 2008.

13. On October 3, 2008, Matthew Stephen Howard, faxed a copy of his answer to Greene & Cooper, LLP, attorneys for Asset Acceptance.

14. On or about October 13, 2008, Asset Acceptance remanded the hearing scheduled for November 5, 2008.

15. On or about May 5, 2009, an Order of Dismissal *without prejudice* was entered in case number 08-C-8445.[1]

16. More than eighteen months after the dismissal, Asset Acceptance began mailing the following series of collection notices to "Matthew St Howard":

   A. On December 1, 2010, a collection notice to "Matthew St Howard" for the amount of $3,718.80 (see *Exhibit B* attached hereto and incorporated herein by reference);

   B. On January 3, 2011, a collection notice to "Matthew St Howard" for the amount of $3,755.17 (see *Exhibit C* attached hereto and incorporated herein by reference);

   C. On June 1, 2011, a collection notice to "Matthew St Howard" for the amount of $3,956.50 (see *Exhibit D* attached hereto and incorporated herein by reference);

   D. On July 1, 2011, a collection notice to "Matthew St Howard" for the amount of $3,992.86 (see *Exhibit E* attached hereto and incorporated herein by reference);

   E. On August 1, 2011, a collection notice to "Matthew St Howard" for the amount of $4,047.42 (see *Exhibit F* attached hereto and incorporated herein by reference);

   F. On September 1, 2011, a collection notice to "Matthew St Howard" for the amount of $4,047.42 (see *Exhibit G* attached hereto and incorporated herein by reference);

---

[1] Copies of the court documents referenced in paragraphs 6 through 13 are attached hereto as *Exhibit A*, collectively, and incorporated herein by reference.

    G.    On October 1, 2011, a collection notice to "Matthew St Howard" for the amount of $4,129.25 (see ***Exhibit H*** attached hereto and incorporated herein by reference); and

    H.    On November 1, 2011, a collection notice to "Matthew St Howard" for the amount of $4,156.53 (see ***Exhibit I*** attached hereto and incorporated herein by reference).

17.    On February 27, 2012, Defendant Lloyd & McDaniel, known as "the Creditors Law Firm," mailed a collection letter to "Matthew St Howard" alleging a balance due in the amount of $3,050.19 (see ***Exhibit J*** attached hereto and incorporated herein by reference). The letter stated that Lloyd & McDaniel was retained by Asset Acceptance Assignee Citibank to collect the amount.

18.    The Lloyd & McDaniel letter was an attempt to collect a debt and Lloyd & McDaniel is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

19.    The Lloyd & McDaniel letter states that "…no attorney with this firm has personally reviewed the particular circumstances of your account. However, "*if you fail to contact this office, our client may consider additional remedies to recover the balance due*." (Emphasis added.)

20.    Although the letter stated the balance due was $3,050.19 as of February 27, 2012, the letter further stated that "interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater….an adjustment may be necessary after we received your check, in which event we will inform you before depositing the check for collection."

21. The letter further instructed the addressee, "Matthew St Howard," to write or call Monette Murphy, Legal Assistant, for further information and although no written signature appeared on the letter, "Lloyd & McDaniel, PLC" is the sender of the letter.

22. On May 14, 2012, Plaintiff's attorney faxed and mailed a letter by certified mail-return receipt requested, addressed to Asset Acceptance, LLC, P.O. Box 2036, Warren, MI 48090-2036, advising Asset Acceptance of legal representation, disputing the alleged debt and requesting verification of the debt (see ***Exhibit K*** attached hereto and incorporated herein by reference).

23. The May 14, 2012 letter was delivered to Asset Acceptance by the U.S. Postal Service on May 17, 2012 at 8:19 a.m. (see ***Exhibit L*** attached hereto and incorporated herein by reference).

24. On June 1, 2012, a collection notice to "Matthew St Howard" for the amount of $3,080,78 was mailed to the Plaintiff herein (see ***Exhibit M*** attached hereto and incorporated herein by reference).

25. Asset Acceptance has failed to validate the alleged debt.

26. Asset Acceptance has continued for almost four years to collect a debt from the Plaintiff; a debt that the Plaintiff has denied and does not owe.

**Lawsuit filed despite being time-barred by statute of limitations**

27. Asset Acceptance failed to establish any legal or factual basis for the judgment it wrongfully sought against Howard prior to initiating the Fayette District Court lawsuit against Howard to collect a debt he did not owe and which Asset Acceptance knew, or upon reasonable investigation should have known, was time barred and not owed by "Matthew Stephen Howard."

28. Asset Acceptance failed to investigate the legal or factual basis for the judgment it wrongfully sought against Howard prior to retaining the services of Greene & Cooper to wrongfully prosecute the lawsuit against Howard.

29. The Plaintiff is informed, believes and alleges that Asset Acceptance intentionally used deceptive and misleading misrepresentation in connection with collection of the time-barred debt as to the character, amount or status of the debt and to the very fact that Plaintiff owed the alleged debt.

30. The Plaintiff herein denies the alleged indebtedness to Citibank and/or Asset Acceptance.

31. The Plaintiff is informed, believes and alleges that the affidavit of Natalie Eriksson in support of the Fayette District Court lawsuit is not based upon affiant's personal knowledge of the Citibank account and contains false or deceptive representations about the status or character of the underlying debt.

32. According to the form affidavit of Natalie Eriksson dated July 14, 2008, Asset Acceptance purchased the "/Citibank CC" account but does not give the date of said purchase.

33. The affidavit of Natalie Eriksson contains no information regarding the accountholder.

34. The affidavit of Natalie Eriksson states that the original account was a Citibank credit card account and therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

35. Plaintiff avers that based upon the affidavit of Natalie Eriksson, affiant did not review any records of the alleged Citibank account.

36. The Asset Acceptance statement attached to the complaint filed in the Fayette District Court lawsuit, contains no information that the account was originally a Citibank credit card account.

37. The Asset Acceptance statement is generic in form and contains no information regarding the accountholder.

38. The Asset Acceptance statement indicates that the alleged debt was delinquent on 08/12/98, more than nine (9) years before the alleged debt was purchased by Asset Acceptance on 10/08/07.

39. Defendants initiated suit on this stale debt in Fayette District Court, Case No. 08-C-8445, on September 11, 2008, knowing that it was a time-barred action under the applicable statute of limitations on contract actions. Defendant Asset Acceptance did not attach any documents in support of its complaint. *See Kentucky Revised Statute 413.120(1)*.

40. The Plaintiff in this action received service of process of the summons and complaint on September 12, 2008. (See Certificate to the Motion for Default Judgment, included in *Exhibit A*, attached hereto).

41. Asset Acceptance deliberately filed and maliciously prosecuted a state court civil lawsuit five years after any arguable statute of limitations period had expired.

42. By deliberately filing the Motion for Default Judgment and falsely certifying under oath that no defensive motions, pleadings, or other papers had been served upon Asset Acceptance, Asset Acceptance caused the Plaintiff actual damages in the form of attorney's fees and costs to defend this action, and because the Defendant had no good faith basis to believe that it could prevail on the merits of the lawsuit, an award of punitive damages are appropriate.

<b><u>Failure to promptly dismiss wrongful lawsuit <i>with</i> prejudice</u></b>

43. In his Answer filed on September 26, 2008, Howard denied owing any debt to Defendant Asset Acceptance or owing the alleged Citibank debt.

44. Despite Howard's clear and unambiguous denial that the debt was owed to either Citibank or Asset Acceptance, Asset Acceptance proceeded to file a Motion for Default Judgment and Notice of Motion setting the hearing on said Motion for November 5, 2008.

45. In fact, it was not until May 5, 2009 that an Order of Dismissal *without* prejudice was entered.

46. Asset Acceptance, having actual notice of the denial of the alleged debt and the grounds for said denial on or about September 26, 2008, failed to timely dismiss the Fayette District Court lawsuit and furthermore, failed to dismiss *with* prejudice this baseless state court civil action.

47. As a result of said Defendant's failure to dismiss the Fayette District Court lawsuit *with* prejudice, Asset Acceptance reassigned the alleged debt to yet another debt collector, Defendant Lloyd & McDaniel, who commenced collection efforts more than eighteen months after the dismissal *without* prejudice was filed.

48. Defendant Lloyd & McDaniel knew or should have known that the Plaintiff herein did not owe the alleged debt and was not "Matthew St Howard."  With that knowledge, Lloyd & McDaniel wrongfully attempted to collect the debt from Plaintiff in total disregard of the Answer filed by Matthew Stephen Howard in the wrongful lawsuit.

### Plaintiff has suffered actual damages from the Defendants Actions

49. As a direct and proximate result of the actions of Asset Acceptance as set forth herein in filing a meritless state court lawsuit, the Plaintiff has suffered actual damages in the form of emotional distress, anger, anxiety, upset stomach, headaches, worry, frustration, sadness, depression, fear, and sleeplessness, among other negative emotions.

50. As a direct and proximate result of the actions of Asset Acceptance in failing to promptly dismiss the wrongful lawsuit *with* prejudice, the Plaintiff has continued to suffer emotional distress, anger, anxiety, upset stomach, headaches, worry, frustration, sadness, depression, fear and sleeplessness, among other negative emotions, caused by the continued collection attempts by Asset Acceptance and Lloyd & McDaniel.

51. As a direct and proximate result of the actions of Asset Acceptance in failing to promptly dismiss the wrongful lawsuit *with* prejudice, the Plaintiff has suffered emotional distress, anger, anxiety, upset stomach, headaches, worry, frustration, sadness, depression, fear and sleeplessness, among other negative emotions, caused by the continued malicious collection attempts by Asset Acceptance for approximately four years.

### Summary

52. The attempt to collect the stale debt, which was well beyond the applicable five-year statute of limitations, through the use of a civil lawsuit, is an unfair and deceptive practice, a malicious prosecution, an invasion of privacy, and a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c, 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692g, amongst others.

53. Each Defendant has misrepresented the character, amount and legal status of the alleged debt in violation of the FDCPA.

54. Each Defendant failed to review information substantiating the accuracy of the debt or the identity of the debtor prior to collection efforts on the alleged account.

55. Through its series of eight collection notices naming "Matthew St Howard" and mailed to Plaintiff's address, Asset Acceptance knowingly and wrongfully recommenced collection efforts against Plaintiff herein some eighteen months after Matthew Stephen Howard

denied owing the alleged debt and denied being the person named in the wrongful lawsuit, and after the wrongful lawsuit was dismissed. Such actions by Asset Acceptance are in direct violation of the provisions of the FDCPA.

56. Asset Acceptance then retained the debt collector, Lloyd & McDaniel, to collect the alleged amount. Lloyd & McDaniel knew or should have known that Matthew Stephen Howard was not "Matthew St Howard" and that Matthew Stephen Howard did not, in fact, owe the alleged debt. Even with that knowledge, Lloyd & McDaniel mailed a collection letter to "Matthew St Howard" at Matthew Stephen Howard's address approximately 34 months after the dismissal of the wrongful lawsuit. Such actions by Asset Acceptance and Lloyd & McDaniel are in direct violation of the provisions of the FDCPA.

57. By and through their actions the Defendants, Asset Acceptance and Lloyd & McDaniel have created real and measurable emotional distress for the Plaintiff. The Plaintiff is a sworn law enforcement officer and serves as a sworn firefighter. The allegations of unpaid debts and the belief that he may soon be facing a second lawsuit have caused him concern and worry about his employment status.

58. Asset Acceptance and Lloyd & McDaniel, in further violation of 15 U.S.C. § 1692e, threatened "additional remedies to recover the balance due" if Plaintiff failed to contact said Defendants. As he had been sued previously by Asset Acceptance he believed additional remedies would a lawsuit naming him as a defendant.

59. Asset Acceptance, in direct violation of 15 U.S.C. § 1692g(a), failed to verify the disputed debt as requested in writing on May 14, 2012 by the Plaintiff's attorney and failed to cease collection efforts until it provided written verification of the debt.

60. Asset Acceptance, in direct violation of 15 U.S.C. § 1692c(a)(2), communicated with the Plaintiff herein in connection with the attempt to collect the alleged debt after having knowledge that the Plaintiff herein was represented by an attorney.

61. Asset Acceptance, in direct violation of 15 U.S.C. § 1692c(c), failed to cease contact with the Plaintiff after Plaintiff's attorney communicated in writing that all such communications should cease.

62. The Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

63. Each Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

64. Each Defendant intentionally caused harm to the Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting a debt.

65. The Plaintiff had a reasonable expectation of privacy of solitude, seclusion, and or private concerns or affairs.

66. The letter sent by Lloyd and McDaniel to the Plaintiff stated, "if you fail to contact this office, our client may consider additional remedies to recover the balance due."

67. The Plaintiff considered this a threat to file a lawsuit as the plaintiff had previously sued him in 2008.

68. The intrusion by each Defendant occurred in ways that would be highly offensive to a reasonable person in that position.

69. As a result of such invasions of privacy, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants, jointly and severally.

## TRIAL BY JURY

70. The Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.
### Collection Letters from Asset Acceptance from
### July 1, 2011 through November 1, 2011

71. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. The foregoing acts and omissions of the Defendants, jointly and severally, constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

73. As a result of the Defendants' violations of the FDCPA, the Plaintiff has suffered out-of-pocket expenses and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $12,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

### COUNT II.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.
### Collection Letter from Lloyd and McDaniel of February 22, 2012

74. The Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

75. The letter sent by Lloyd and McDaniel to the Plaintiff stated, "if you fail to contact this office, our client may consider additional remedies to recover the balance due."

76. The Plaintiff considered this a threat to file a lawsuit as the plaintiff had previously sued him in 2008.

77. The foregoing acts and omissions of the Defendants, jointly and severally, constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

78. As a result of the Defendants' violations of the FDCPA, the Plaintiff has suffered out-of-pocket expenses and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages related to the emotional and physical stress caused by the Defendants pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## COUNT II.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.
## Collection Letter from Asset Acceptance dated June 1, 2012

79. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

80. The collection letter dated June 1, 2012 was sent directly to the Plaintiff after notice of representation by an attorney had been sent via fax and U.S. Mail first class, delivery.

81. The foregoing acts and omissions of the Defendants, jointly and severally, constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

82. As a result of the Defendants' violations of the FDCPA, the Plaintiff has suffered out-of-pocket expenses and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages related to the emotional and physical stress caused by the

Defendants pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## COUNT III
## INTRUSION UPON SECLUSION

83. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

84. Each Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

85. Each Defendant intentionally caused harm to the Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting a debt.

86. The Plaintiff had a reasonable expectation of privacy of solitude, seclusion, and or private concerns or affairs.

87. The intrusion by each Defendant occurred in ways that would be highly offensive to a reasonable person in that position.

88. As a result of such invasions of privacy, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants, jointly and severally.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant for:

## COUNT I.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant;

### COUNT II.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant;

### COUNT III.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant;

## COUNT IV.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages against each Defendant for Plaintiff's emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial; and

- for such other and further relief as may be just and proper.

Done and filed this _____ day of August, 2012.

                                          Respectfully Submitted,

                                          BRIAN T. CANUPP, PSC

                                          _____
                                          Brian T. Canupp,
                                          322 Main Street
                                          Paris, Kentucky 40361
                                          859-988-9658
                                          Brian@Canupplaw.com

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF KENTUCKY       )
                                              ) ss
COUNTY OF _____ )

Matthew Stephen Howard, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. I have provided my attorneys with true and correct copies of each and every exhibit which has been attached to this Complaint.
7. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

 

                                                                        Matthew Stephen Howard

Subscribed and sworn to before me
this _____ day of _____, 2012.

_____
Notary Public