UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MATTHEW STEPHEN HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 12-316-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ASSET ACCEPTANCE, LLC, and | ) | **MEMORANDUM OPINION** |
| LLOYD & MCDANIEL, PLC, | ) | **AND ORDER** |
| | ) | |
| Defendants. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendants Asset Acceptance, LLC ("Asset")

and Lloyd & McDaniel, PLC's ("L&M") Joint Motion to Dismiss Plaintiff Matthew Stephen

Howard's Complaint.  [Record No. 7]  For the reasons stated below, the defendants' motion to

dismiss portions of the Complaint will be granted.

**I.**

On September 11, 2008, Asset filed suit in the Fayette District Court against Plaintiff

Matthew Stephen Howard, in an attempt to collect $2,257.62, plus interest and costs, of alleged

credit card debt.  [Record No. 1, p. 2]  In that lawsuit,[1] Asset was represented by Greene &

Cooper, LLP.  The Complaint[2] named "Matthew St Howard" as the defendant.  In his Answer,

---

[1]The action was captioned "Asset Acceptance LLC vs. Matthew St Howard," Case No. 08-C-
8445.

[2]Howard notes that the Complaint and motions filed in the 2008 lawsuit were all "form"
documents.  [*See* Record No. 1, p. 3.]

Howard asserted that Matthew St Howard was not his name and denied owing any debt to Asset.
Additionally, he argued that the action was filed beyond the applicable statute of limitations.

On September 29, 2008, Asset filed for default judgment. However, no hearings were
held in the case. On or around May 5, 2009, the action was dismissed without prejudice. About
eighteen months after the dismissal, Asset began to mail collection notices to Howard, all
addressed to "Matthew St Howard." The amounts Asset attempted to collect varied in these
notices, ranging from $3,718.80 to $4,156.53. Then, on February 27, 2012, L&M mailed a
collection letter, addressed to "Matthew St Howard," attempting to collect an alleged debt of
$3,050.19. The letter from L&M stated "[w]e have been retained by Asset Acceptance Assignee
Citibank to collect [$3,050.19]. At this time, no attorney with this firm has personally reviewed
the particular circumstances of your account. However, if you fail to contact this office, our
client may consider additional remedies to recover the balance due." [Record No. 1-10] The
letter further stated that, "[u]nless you notify us within 30 days after receipt of this letter that the
validity of this debt, or any portion of it, is disputed, we will assume that the debt is valid. If you
do notify us in writing within 30 days that the debt or any portion of it is disputed, we will obtain
verification of the debt and mail it to you." [*Id.*]

On May 14, 2012, counsel for Howard faxed and mailed a letter to Asset, "advising Asset
Acceptance of legal representation, disputing the alleged debt and requesting verification of the
debt." [Record No. 1, p. 6] On June 1, 2012, another collection notice was sent to Howard,
again addressed to Matthew St Howard, in the amount of $3,080.78. Howard denies that he
owes any debt to Asset and/or Citibank. He alleges that the 2008 lawsuit was improper because

Asset knew or should have known that the lawsuit was both time-barred and that the debt was

not owed by him, because he is not "Matthew St Howard."

In the current Complaint filed October 11, 2012, Howard alleges that the defendants

violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq*.  Count I

alleges violations of the FDCPA against both defendants for collection letters from Asset dating

from July 1, 2011, through November 1, 2011.  Count II alleges a violation of the FDCPA for

the collection letter from L&M sent February 27, 2012.  Count III[3] alleges a violation of the

FDCPA for the collection letter from Asset dated June 1, 2012.  Finally, Count IV alleges that

a claim for intrusion upon seclusion.  The defendants argue that Howard's FDCPA claims which

are based on events occurring more than one year before the filing of this suit on October 12,

2012, are time-barred by the applicable one-year statute of limitations under the FDCPA.  *See*

15 U.S.C. § 1692k(d).  Additionally, they contend that Howard's timely claim (*i.e.*, the alleged

debt Asset attempted to collect in 2012 before it was validated) should be dismissed because it

fails to state a claim upon which relief can be granted.[4]

## II.

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine

whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

---

[3]The plaintiff erroneously misnumbers this claim as Count II, and the claim for intrusion upon seclusion as Count III.  This error is corrected later in the Complaint.

[4]The defendants focus on 15 U.S.C. § 1692g in their motion to dismiss.  However, the plaintiff also alleges other violations of the FDCPA.

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

In considering a 12(b)(6) motion, the Court is required to "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs & Assoc., Inc. v. West Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990) (citation omitted).  However, the Court need not accept as true legal conclusions cast in the form of factual allegations if those conclusions cannot be plausibly drawn from the facts, as alleged.  *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that in reviewing a motion to dismiss, the district court "must take all the factual allegations in the complaint as true," but that the court is "not bound to accept as true a legal conclusion couched as a factual allegation").  Thus, Rule 12(b)(6) essentially "allows the Court to dismiss, on the basis of a dispositive issue of law, meritless cases which would otherwise waste judicial resources and result in unnecessary discovery."  *Glassman, Edwards, Wade & Wyatt, P.C. v. Wolf Haldenstein Adler Freeman & Herz, LLP*, 601 F. Supp. 2d 991, 997 (W.D. Tenn. Mar. 10, 2009).

**III.**

**A.    Statute of Limitations**

The defendants argue that any of the plaintiff's claims predicated on events occurring before October 11, 2011 are time-barred.  It is undisputed that the plain language of the statute makes clear that any action alleging civil liability for a violation of the FDCPA must be brought "within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d). The plaintiff appears to concede the fact that an FDCPA claim based on the 2008 lawsuit is time-barred.  [*See* Record No. 11, p. 3 ("The Plaintiff acknowledges that 15 U.S.C. § 1692k(d) provides for a one year time window to file suit from when the violation occurs").]

Thus, insofar as Count I is based on the 2008 lawsuit, that claim will be dismissed because the lawsuit falls well outside of the one-year statute of limitations.  "Where FDCPA claims are premised upon allegations of improper pursuit of debt collection litigation, courts are split as to when the FDCPA's one-year statute of limitations begins to run:  some have held that such claims accrue upon filing the underlying collection action, while others use the date on which the purported debtor was served with the complaint."  *Shaffhauser v. Citibank*, 340 F. App'x 128, 130-31 (3d Cir. 2009) (internal citations omitted).  Because the statute of limitations for any claim based upon the 2008 lawsuit began to run, at the latest, in October 2008, any FDCPA claims regarding the 2008 lawsuit are time-barred because the present Complaint was not filed until more than three years after the statue of limitations had run.

Additionally, Howard concedes that several letters which provide the basis for his Complaint cannot support his FDCPA claims.  [*See* Record No. 11, p. 3 ("While some of the

letters may be time barred they remain relevant evidence as to pattern and practice.").] Any

collection letters sent prior to October 11, 2011, are not actionable under the FDCPA because

they are time-barred. However, the Court will not dismiss Counts I and II regarding the

Collection Letters sent on November 1, 2011 and February 27, 2012.[5] Both letters were sent

within one year of the filing of Howard's current suit.[6]

> **B.      15 U.S.C. § 1692g**

The defendants next argue that the plaintiff has not stated a claim under 15 U.S.C. §

1692g. That section provides:

> Within five days after the initial communication with a consumer in connection
> with the collection of any debt, a debt collector shall, unless the following
> information is contained in the initial communication or the consumer has paid
> the debt, send the consumer a written notice containing —
> > (1)      the amount of the debt;
> > (2)      the name of the creditor to whom the debt is owed;
> > (3)      a statement that unless the consumer, *within thirty days after
> > receipt of the notice,* disputes the validity of the debt, or any portion
> > thereof, the debt will be assumed to be valid by the debt collector;
> > (4)      a statement that if the consumer notifies the debt collector in
> > writing *within the thirty-day period* that the debt, or any portion thereof,
> > is disputed, the debt collector will obtain verification of the debt or a copy
> > of a judgment against the consumer and a copy of such verification or
> > judgment will be mailed to the consumer by the debt collector; and
> > (5)      a statement that, upon the consumer's written request *within the
> > thirty-day period*, the debt collector will provide the consumer with the
> > name and address of the original creditor, if different from the current
> > creditor.

---

[5]The defendants do not appear to seek dismissal of Count III which involves a collection letter dated June 1, 2012.

[6]Although the Court is dismissing the alleged FDCPA violations predicated upon actions occurring outside of the statute of limitations, dismissal will not necessarily bar their use in connection with the claims which remain. Relevancy and admissibility determinations are not addressed in this opinion.

15 U.S.C. § 1692g(a) (emphasis added).  In addition, § 1692g(b) states that

> [i]f the consumer notifies the debt collector in writing *within the thirty-day period* described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt. . . .

15 U.S.C. § 1692g(b) (emphasis added).

Howard does not allege that the February 27, 2012 letter fails to meet the requirements of § 1692g(a), and with good reason.[7]  The letter clearly states the alleged amount of the debt, the name of the creditor to whom the debt is owed, the 30-day dispute requirement, the 30-day dispute verification statement, and the statement regarding the name and address of the original creditor.  [Record No. 1-10]  Thus, the letter complies with the requirements of §1692g(a).

The defendants also argue that Howard has failed to allege a violation of § 1692g(b) because he did not request validation of the debt within 30 days of his receipt of L&M's initial letter as required by the statute.  The Court agrees.  The Complaint clearly states that L&M's initial letter to Howard was dated February 27, 2012.  The response, sent through his attorney, is dated May 14, 2012 – more than sixty days after his receipt of the initial letter.  Accordingly, any claim based on a violation of § 1692g(a) or § 1692g(b) will be dismissed.

---

[7]In his response, Howard appears to abandon allegations that 1692g was violated.  Instead, he asserts that "the defendants' actions have violated § 1692e(2), § 1692e(5), § 1692e(10), and § 1692f by threatening to sue on a time-barred debt."  [Record No. 11, p. 4]  The defendants do not specifically seek to dismiss those claims alleging FDCPA violations for failure to state a claim. Those claims remain pending.

C.      **Intrusion Upon Seclusion**

The defendants also argue that the plaintiff's claim for intrusion upon seclusion should be dismissed for failure to state a claim.  They assert that the plaintiff has failed to plead a claim for intrusion by seclusion because "[t]here are no allegations in the Complaint that Defendants intruded into a matter, let alone one that he had [] a right to keep private."  [Record No. 7-1, p. 12]  Howard responds that he is "entitled to an expectation that he will not be subjected to inaccurate and illegal demands of him at []his home."  [Record No. 11, p. 9]  The Complaint alleges that Howard "had a reasonable expectation of privacy of solitude, seclusion, and or private concerns or affairs," that the letter sent by L&M states "if you fail to contact this office, our client may consider additional remedies to recover the balance due" and that "[t]he intrusion by each Defendant occurred in ways that would be highly offensive to a reasonable person in that position."  [Record No. 1, p. 12]

An intrusion upon seclusion claim requires a plaintiff to show: "(1) an intentional intrusion by the defendant, (2) into a matter that the plaintiff has a right to keep private, and (3) that the intrusion would be highly offensive to a reasonable person."  *Wiles v. Ascom Transp. Sys., Inc.*, 478 F. App'x 283, 293-94 (6th Cir. 2012).  Howard has not adequately pled a claim for intrusion upon seclusion.  Presumably, the "intrusion" in this case is the receipt of letters from the defendants regarding the alleged debt to be collected.  However, Howard has not pled that these letters were sent regarding a matter that he had a right to keep private.  In fact, he identified the "matters" at all.  "What constitutes a private matter is dependant upon whether the plaintiff has a reasonable expectation of privacy in the subject information."  *Webb v. Bob Smith*

*Chevrolet, Inc.*, 2005 WL 2065237, at *6 (W.D.Ky. Aug. 24, 2005).   Howard seems to argue

that, because the letters were received at his home, they intruded on his privacy rights.  He states

that he "had a reasonable expectation of privacy of solitude, seclusion, and or private concerns

or affairs" and that the "intrusion by each Defendant occurred in ways that would be highly

offensive to a reasonable person in that position."  [Record No. 1, p. 15]  Yet these allegations

are simply "labels and conclusions, and a formulaic recitation of the elements of a cause of

action," which are insufficient to survive a motion to dismiss.  *Twombly*, 550 U.S. at 555.

Because Howard fails to allege what private matter was intruded upon, much less what

the intrusion was, this claim is implausible on its face.  Accordingly, the Court will dismiss the

plaintiff's claim for intrusion upon seclusion.

### D.     L&M

The defendants next argue that claims asserted against L&M that based on events before

February 27, 2012, should be dismissed.  The Complaint includes allegations that Howard's first

contact with L&M was the receipt of the February 27, 2012 letter.  He concedes that this letter

was the only interaction with L&M, yet he argues that dismissal would be premature.  [Record

No. 11, p. 9 ("While the Plaintiff does assert that the only written communication from the

Defendant Lloyd & McDaniel [occurred] in February 2012, without discovery, the exact dates

of the Defendant's involvement cannot be determined.")]  The defendants argue that L&M

cannot be held responsible for acts that occurred before its involvement.

In the Complaint, Howard mentions L&M only with respect to the February 27, 2012

Letter.  [*See* Record  No. 1, pp. 9, 10, 11, 12.]  However, in Count I, referencing collection

letters from July 1, 2011, through November 1, 2011, Howard attempts to hold both defendants responsible for violations of the FDCPA, without alleging any facts supporting the inference that L&M was involved in sending those letters.  Any violations of the FDCPA committed by L&M is encompassed in Count II, violations of the FDCPA regarding the collection letter from L&M dated February 27, 2012.[8]  [*Id*., p. 13]  Accordingly, the claims asserted again L&M in Coutn I will be dismissed.

     **E.**     **Motion to Strike**[9]

Finally, the defendants argue that Howard is prohibited from requesting statutory damages of $1,000 for each alleged violation under binding Sixth Circuit precedent.  They seek an order striking the damages portion of the Complaint, insofar as it requests *statutory* damages of greater than $1,000.[10]   The Sixth Circuit has held that the FDCPA limits statutory damages to $1,000 per proceeding, rather than per violation.  *Wright v. Fin. Ser. of Norwalk, Inc.*, 22 F.3d 647, 650-51 (6th Cir. 1994).  Accordingly, to the extent that Howard requests $1,000 in statutory damages per alleged violation, those allegations will be stricken from the Complaint.

**IV.**

For the reasons stated above, certain aspects of Howard's Complaint are either legally or factually deficient.  Accordingly, it is hereby

---

     [8]The Complaint erroneously states the date of the letter as February 22, 2012.

     [9]The Court construes the defendants' arguments on this topic as a motion to strike.  *See* Fed. R. Civ. P. 12(f).

     [10]The defendants do not seek to strike Howard's claims for actual damages.  [*See* Record No. 12, p. 3.]

**ORDERED** as follows:

1.        Defendants Asset Acceptance, LLC and Lloyd & McDaniel, PLC's joint motion to dismiss portions of Plaintiff Matthew Stephen Howard's Complaint [Record No. 7] is **GRANTED**.

2.        Insofar as Count I is predicated on events occurring before October 11, 2011, and alleges violations against Defendant Lloyd & McDaniel, that claim is **DISMISSED**, with prejudice.  All other allegations encompassed by Count I against Defendant Asset Acceptance, LLC, remain pending.

3.        Any alleged violations of 15 U.S.C. § 1692g in the Complaint are **DISMISSED**, with prejudice.

4.        The Plaintiff's claim for "Intrusion Upon Seclusion," contained in Count IV of the Complaint, is **DISMISSED**.

5.        The defendants' construed motion to strike the portions of the Complaint which allege statutory damages on a per violation basis is **GRANTED**.  The plaintiff may only seek statutory damages on a per proceeding basis.

This 24th day of April, 2013.



Signed By:

*Danny C. Reeves*   DCR

United States District Judge